## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **FADI HUSSEIN SERHAN** )<br>Mazraa Street )<br>Jaafar Building )<br>Floor 2 )<br>Beriut, Lebanon )<br>*Plaintiff,* )<br> )<br>v. )<br> )<br>**ANDREA M. GACKI** )<br>**in her official capacity as** )<br>**Director of the United States** )<br>**Department of the Treasury** )<br>**Office of Foreign Assets Control** )<br>1500 Pennsylvania Avenue, NW )<br>Freedman's Bank Building )<br>Washington, D.C. 20220 )<br> )<br>*Defendant,* )<br> )<br>and )<br> )<br>**THE UNITED STATES DEPARTMENT** )<br>**OF THE TREASURY, OFFICE OF FOREIGN** )<br>**ASSETS CONTROL** )<br>1500 Pennsylvania Avenue, NW )<br>Freedman's Bank Building )<br>Washington, D.C. 20220 )<br> )<br>*Defendant.* )<br>_____) | CIV. NO. 19-751<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF**<br><br><br><br><br><br><br><br><br>**ECF** |

Plaintiff Fadi Hussein Serhan (hereinafter referred to as "Serhan") brings this Complaint

for Declaratory and Injunctive Relief against Defendants the United States Department of the

Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea Gacki, and in

support of his complaint alleges the following.

**INTRODUCTION**

1.      This case involves questions that revolve around one central theme: whether the statements and actions of other parties alone can justify the continued designation of an individual targeted under Executive Order ("E.O.") 13224.  These questions arise from Defendants' denial of Serhan's request for an administrative reconsideration of his designation under E.O. 13224.  Because of that decision, Serhan—a Lebanese national who has lost his business, whose health is failing, and whose life is in shambles as a result of his designation—will remain labeled a "Specially Designated Global Terrorist" ("SDGT") despite no longer having the means to act in the manner that Defendants alleged in designating him.

2.      OFAC's denial came after approximately 18 months of review of its decision to designate Serhan under E.O. 13224 § 1(d)(i) for allegedly providing support and services to Hizballah, an organization also designated under E.O. 13224.  In his request for reconsideration, Serhan provided substantive arguments and evidence to OFAC demonstrating that any circumstances underlying his initial designation were no longer applicable and that there was otherwise an insufficient basis to maintain the designation.  During that administrative reconsideration process, Serhan also responded to OFAC's requests for additional, clarifying, or corroborating information in a timely and fulsome manner.  Notwithstanding his cooperation, Defendants disclosed limited information to Serhan concerning the bases, conclusions, and evidence underlying his designation, and withheld critical information that they had relied upon for the designation until the date of their denial action.

3.      OFAC's denial did not address the substance of Serhan's request for reconsideration.  Rather, it stated that Serhan did not establish that an insufficient basis exists for his designation

because he failed to provide sufficient evidence that he no longer provides support and services to Hizballah. OFAC attempted to support that conclusion by making two allegations. First, that after his designation, Serhan transacted with Al-Manar, a television station designated under E.O. 13224 for being owned or controlled by Hizballah, and that Serhan knew Al-Manar was designated because a news article purportedly stated that Serhan's lawyer said Serhan had such knowledge. The cited news article, however, makes no such statement or reference. Second, OFAC denied Serhan's request for reconsideration because it said that Serhan's former company—Vatech SARL ("Vatech")—was, as of 2018, linked with Hizballah's activities in Syria. However, Serhan had fully relinquished control of Vatech in 2016 as part of an irrevocable dissolution of that company which placed its control and operations into the hands of a liquidator appointed by the Lebanese Government.

4. OFAC's decision is *prima facie* irrational and misrepresents the substance of the evidence that it relies upon. For this reason, Serhan respectfully submits that this Court should declare OFAC's denial action unlawful and compel a rescission of Serhan designation.

## JURISDICTION AND VENUE

5. This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

6. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

7.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside.  *See* 28 U.S.C. §§ 1391(b) and (e).

### THE PARTIES

8.      Plaintiff Fadi Hussein Serhan is and was at all times relevant herein a citizen of Lebanon. Plaintiff is currently residing at Mazraa Street, Jaafar Building, Floor 2, Beirut, Lebanon.

9.      On November 5, 2015, Serhan was designated under E.O. 13224 and his name was added to the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC.

10.      Defendant OFAC is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220.  The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States.  The United States Department of the Treasury is also responsible for overseeing various offices, including OFAC. Serhan is informed and believes thereon that OFAC is responsible for maintaining and administering the SDN List, including by adding and removing persons to and from the SDN List consistent with E.O. 13224 and the regulations in 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures and Penalties Regulations" and "Global Terrorism Sanctions Regulations," respectively.

11.      Defendant Andrea M. Gacki is the Director of OFAC.  Ms. Gacki is sued in her official capacity.

### FACTUAL ALLEGATIONS

    **A.      OFAC Designates Serhan Pursuant to E.O. 13224**

12.     On November 5, 2015, OFAC designated Serhan pursuant to E.O. 13224 § 1(d)(i) for providing financial, material, or technological support for Hizballah.  On the same day, Serhan was added to the SDN List with the "[SDGT]" identifier.

13.     The November 5, 2015 Press Release announcing OFAC's designation claimed that Serhan was designated for providing services to Hizballah by serving as a Hizballah procurement agent. OFAC further alleged that Serhan had used his position as General Manager of Vatech, a Lebanese company, to purchase sensitive technology and equipment for Hizballah.  According to OFAC, he purchased unmanned aerial vehicles ("UAVs") and accessories, and various electronic equipment from companies in United States, Europe, Asia, and the Middle East.  There were no allegations that Serhan dealt with Al-Manar nor Hizballah's activities in Syria made at the time of his designation.

14.     Vatech was also designated under E.O. 13224 on November 5, 2015, due to Serhan's ownership and control of the company.

15.     As a result of his designation, any property and interests in property of Serhan located under U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him.  In addition, foreign financial institutions risk designation under U.S. sanctions for engaging in any significant transaction(s) with Serhan.

   **B.     Serhan Challenges OFAC's Designation Action and Requests Notice as to the Basis of that Agency Action**

16.     On June 5, 2017, Serhan filed a request for reconsideration of his designation under E.O. 13224.  That request was filed with OFAC.  That same day, Serhan also requested disclosure of the administrative record underlying his designation for the express purpose of understanding the factual bases relied upon in support of the agency's action so that he may meaningfully respond to OFAC's evidence and otherwise address the designation.

17.     Following six months of silence in response to his requests, Serhan stopped waiting and filed a detailed submission with OFAC.  That submission, filed November 27, 2017, provided substantive information, documents, and arguments as to why Serhan's continued designation was unwarranted and that the circumstances which led to his designation no longer applied.

18.     That submission further explained that Serhan and Vatech—which at one time were major suppliers of audio, video, and related equipment in Lebanon—supplied that equipment universally to nearly all television stations, networks, and production studios within the country.

19.     In his submission, Serhan acknowledged that he previously sold to Al-Manar, a television network that could have been perceived as pro-Hizballah.  Serhan explained, however, that neither he nor Vatech engaged in transactions with Al-Manar with any knowledge or reason to know that Al-Manar was designated under E.O. 13224 for being owned or controlled by Hizballah.

20.     In June 2016, Serhan came to learn that Al-Manar was designated under E.O. 13224. Accordingly, Serhan determined that his prior dealings with Al-Manar may be relevant to OFAC's reconsideration of his designation, and he thus provided Vatech's transactional history with Al-Manar as part of his November 27, 2017 submission.

21.     That submission also provided OFAC with the transactional details of Vatech's sales of all UAVs and related accessories, and showed that neither Serhan nor Vatech had sold that type equipment to Al-Manar or to any other "pro-Hizballah" Lebanese television network.

22.     Serhan also explained that none of the goods that he and Vatech purchased or sold could be considered "sensitive technology and equipment," as they only dealt in consumer grade goods.

23.     Critically, the submission showed that Vatech had entered into an irrevocable dissolution under Lebanese law in June 2016 and from that time forward was no longer managed by Serhan. The dissolution process removed control of Vatech from Serhan and appointed a government-

selected liquidator to manage its business operations and sales until all debts of the company were paid, at which point the entity would be fully wound down and permanently dissolved.

24.     On December 11, 2017, OFAC responded to Serhan's request for the administrative record underlying the designation.  OFAC's response included a heavily redacted and uninformative version of the record.  Specifically, the disclosed portion of the record did not contain any information in support of the conclusory allegations made in the press release announcing Serhan's designation, or to support the record's contention that Serhan provides financial, material, or technological support for Hizballah.  Nor did the disclosed record make any mention of Al-Manar or Hizballah's activities in Syria.

25.     Serhan responded to OFAC on December 21, 2017, to express concern that the disclosed portion of the record was inadequate and did not provide the type of information or evidence necessary to afford him a meaningful opportunity to challenge his designation.  Serhan thus requested a non-privileged and/or unclassified summary of all the classified or otherwise privileged information relied upon by OFAC in maintaining his designation.

26.     On February 20, 2018, OFAC sent Serhan a questionnaire seeking information for its evaluation of Serhan's reconsideration request.

27.     Serhan provided a timely response to that questionnaire on May 21, 2018, including: 1) additional information on the sale of UAVs and related accessories; 2) additional information regarding Vatech's business transactions with Al-Manar; 3) a copy of Vatech's 2016 independent audit report; and 4) confirmation that the May 17, 2016 decision to dissolve Vatech required management and control of the company to be transferred and solely be the responsibility of the liquidator appointed by Lebanon's Ministry of Justice.

28.     The response highlighted the fact that Serhan and Vatech's last transaction with Al-Manar occurred on August 17, 2016 and was final payment for previously supplied goods from the last sale to Al-Manar made in April 2016.  The response further explained that Serhan was not aware that Al-Manar was designated under E.O. 13224 until June 2016 when the government-appointed liquidator for Vatech's dissolution brought the fact to Serhan's attention.

29.     Serhan also explained that since the business relationship with Al-Manar had permanently ceased as of August 2016, and because Vatech was in irrevocable dissolution as of May 2016, there had been a change in circumstances negating the basis of his designation, which, in turn, supported the rescission of his designation.

30.     On June 26, 2018, Serhan followed up on his December 21, 2018 request to OFAC for a non-privileged and/or unclassified summary of the information relied upon in his designation. Serhan requested that OFAC provide the summary within 30 days from the date of his letter.

### C.     OFAC Denies Serhan's Request for Reconsideration

31.     On January 31, 2019, OFAC issued a denial of Serhan's reconsideration request.  The denial was based on OFAC's determination that Serhan had not established that an insufficient basis exists for his designation—specifically, that he had not established that he no longer provides support or services to Hizballah. Exhibit A—OFAC's January 31, 2019 Denial Notice.

32.     In support for its conclusion, OFAC alleged that subsequent to his designation, Serhan continued to engage in business transactions with Al-Manar.  Further, OFAC stated that it did not believe that Serhan was unaware of Al-Manar's OFAC designation because of a news article attached to Serhan's November 27, 2017 submission referencing Hussein Saleh, a lawyer representing Serhan.  OFAC claimed that in that article Hussein Saleh acknowledged that Al-Manar was Hezbollah-affiliated and designated as a SDGT.  Finally, OFAC's denial made the

conclusory allegation that as of 2018, Serhan's company Vatech was linked to Hizballah's activities in Syria. Exhibit A—OFAC's January 31, 2019 Denial Notice.

33.     OFAC's finding that Serhan, subsequent to his designation, continued to engage in business transactions with Al-Manar is misleading.  Serhan's submissions to OFAC during the reconsideration process unequivocally established that Serhan's controlling interest in Vatech was terminated as of May 17, 2016, that its last sale to Al-Manar was in April 2016, and that Vatech's last transaction with Al-Manar—receipt of payment for an outstanding balance—occurred on August 17, 2016.  All of those events occurred nearly a full year before Serhan requested reconsideration of his designation, and ended within ten months of Serhan's designation.  OFAC did not offer any evidence to establish that these representations by Serhan were either false or incredible.

34.     OFAC also failed to consider that Serhan had learned of Al-Manar's SDGT status only in June 2016 when the Lebanese Government-appointed liquidator brought it to his attention.  OFAC offered no reasoning or evidence to demonstrate why Serhan's explanation of when he learned of Al-Manar's SDGT designation was false or incredible.

35.     Further, OFAC  misrepresented the contents of an article from the Daily Star (Lebanon) that Serhan had submitted to the agency.  That article reported that while Vatech had previously engaged in arms-length transactions with Al-Manar, it did not do so at a time when Serhan knew that Al-Manar was designated for its alleged affiliation with Hizballah.  That article was published November 7, 2015, just two days after Serhan's designation.

36.     OFAC, however, found that the article quoted Hussein Saleh—a lawyer representing Serhan at the time of the article's publication—as saying that Al-Manar was "Hezbollah-affiliated" and "designated…as a [SDGT] entity." Exhibit A—OFAC's January 31, 2019 Denial Notice.

37.     Nowhere in the Daily Star (Lebanon) article did Hussein Saleh say that Al-Manar was a SDGT entity.  While the article did note that Al-Manar is a SDGT entity, the reporting did not attribute that knowledge to Serhan, Hussein Saleh, or any other party referred to in the article.  Also, the article in no way suggested that Hussein Saleh was representing Serhan's knowledge about Al-Manar, nor that he was speaking for or on behalf of Serhan.  Nevertheless, OFAC relied upon that article and Al-Manar's affiliation with Hizballah to find that Serhan's claim that he was unaware of Al-Manar's designated status and support to Hizballah to be "unpersuasive."  Exhibit A—OFAC's January 31, 2019 Denial Notice.

38.     As explained in Serhan's November 27, 2017 submission, the Daily Star (Lebanon) article was submitted to OFAC in order to clarify certain statements made by Hussein Saleh.  Therefore, not only did OFAC's finding misrepresent the contents of the article, it also relied on an article that was submitted as a reference to clarifying inaccurate public statements about Serhan as evidence to support its own claims.

39.     Notwithstanding OFAC's reliance on the Daily Star (Lebanon) article to find that Serhan knew of Al-Manar's SDGT status—and, in turn, ultimately to deny Serhan's request for reconsideration—OFAC did not designate Serhan for providing support or services to Al-Manar, but rather specifically to Hizballah.  Further, OFAC never previously disclosed any information to indicate that Serhan's designation was actually based upon his prior transactions with Al-Manar.  Finally, OFAC's denial notice does not state how any transactions that Serhan engaged in with Al-Manar subsequent to his designation were for, on behalf of, or to the benefit of Hizballah.

40.     In its denial, OFAC also made the conclusory allegation that "as of 2018, [Serhan's] company, VATECH SARL, was linked with Hizballah's activities in Syria."  OFAC did not

disclose any evidence or reasoning to support this allegation, nor did it identify how Vatech was purported to be "linked" to Hizballah's activities in Syria.

41.    OFAC further failed to explain how conduct by Vatech—an entity that Serhan had no control over after 2016—could support its conclusion that Serhan had not provided sufficient evidence to show he no longer provides support or services to Hizballah, nor how Serhan was purported to be involved with that alleged conduct.  Notably, Vatech is designated under E.O. 13224 § 1(c) for being owned or controlled by Serhan, not for providing support or services to Hizballah.

42.    OFAC's denial did not state that Serhan continues to provide support or services to Hizballah, only that he failed to provide sufficient evidence that he no longer does so.  Indeed, none of OFAC's allegations and conclusions in support of its denial decision suggest that Serhan in fact continues to provide any support or services to Hizballah.

43.    OFAC's January 31, 2019 denial notice was accompanied by its response to Serhan's December 21, 2017 and June 26, 2018 requests for summaries of the classified or otherwise privileged information contained in the administrative record underlying his designation.  That response summarized only information pertaining to OFAC's November 5, 2015 designation action and did not provide any evidence in support of OFAC's denial determination.

44.    Immediately following receipt of OFAC's notice of denial, undersigned counsel emailed OFAC and requested the evidentiary memorandum in support of the denial decision.  OFAC has not responded to that request.

### D.    Harm to Serhan arising from his designation under E.O. 13224

45.    As a result of Serhan's designation under E.O. 13224 and of OFAC's allegations concerning Serhan that purportedly support that designation, Serhan has effectively been barred

from accessing his own funds; was forced to relinquish his interests in Vatech, a business he spent his life building; has faced negative stigma in both business and personal relationships; has suffered ongoing health problems; and has seen his marriage dissolved.  These consequences stem from OFAC's actions, and the stress they have caused to Serhan's health, and business and personal relationships.

46.     Further, due to the extraterritorial impacts of U.S. sanctions, foreign parties have been reluctant to engage in any transactions or dealings with Serhan out of a fear of exposing themselves to U.S. sanctions risk.  This has rendered Serhan unable to transact with most foreign parties, including in his home jurisdiction of Lebanon.

47.     Defendants' designation of Serhan under E.O. 13224 has caused him severe and irreparable harm.  OFAC's denial of Serhan's request for reconsideration only compounds and prolongs that harm.

## LEGAL CLAIMS

### COUNT I

**DEFENDANTS' DETERMINATION THAT SERHAN CONTINUES TO MEET THE BASIS FOR DESIGNATION UNDER E.O. 13224 BECAUSE HE DID NOT PROVIDE SUFFICIENT EVIDENCE TO DEMONSTRATE THAT HE NO LONGER PROVIDES SUPPORT OR SERVICES TO HIZBALLAH VIOLATES THE ADMINISTRATIVE PROCEDURE ACT**

48.     Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

49.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

50.     The plain text of E.O. 13224 § 1(d)(i)—the subsection under which Serhan is designated—requires a designation to be based on current or ongoing conduct, as the language describes activity in the present tense—i.e., persons determined "to assist in, sponsor, or provide financial, material, or technological support…."  OFAC's denial notice, however, makes no allegation that Serhan is engaged in any current or ongoing activity on behalf of Hizballah or any other person designated under E.O. 13224, and therefore does not show that Serhan meets the criteria for designation.

51.     As Defendants' determination fails to offer any basis, conclusion, or allegation that Serhan meets the criteria for designation under E.O. 13224, Defendants have not acted in accordance with law, and thus are in violation of the Administrative Procedure Act ("APA").

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THE BASIS FOR DENIAL OF SERHAN'S RECONSIDERATION REQUEST VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

52.     Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

53.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

54.     Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Sufficient notice requires Defendants to provide Serhan with an understanding of the allegations that support their January 31, 2019 denial so he has the opportunity to make a meaningful response.

55.     OFAC's statement in support of its denial decision is devoid of any information that would enable Serhan to meaningfully respond to OFAC's conclusory allegation that Serhan has failed to provide sufficient evidence that he no longer provides support and services to Hizballah.

56.    Defendants' failure to provide Serhan with adequate and fair notice of the basis underlying their denial of his request for reconsideration is not in accordance with the law and is in violation of the APA.

## COUNT III

### DEFENDANTS' RELIANCE ON VATECH'S CONDUCT SUBSEQUENT TO NOVEMBER 5, 2015 TO SUPPORT ITS DENIAL OF SERHAN'S RECONSIDERATION REQUEST VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

57.    Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

58.    Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

59.    Defendants reliance upon Vatech's alleged links to Hizballah's activities in Syria as of 2018 to conclude that Serhan failed to provide sufficient evidence that he no longer provides support and services to Hizballah is arbitrary and capricious and not accordance with the law. Defendants' allegation is not rationally connected to their conclusion, as it both inexplicably discounts Serhan's lack of control over Vatech from May 2016 onward and fails to explain how Serhan was in any way involved with Vatech's purported links to Hizballah's activities in Syria after that time.

60.    Defendants failure to rationally connect their decision to the evidence before OFAC constitutes arbitrary and capricious agency action under the APA that should be held as unlawful and set aside by this Court.

## COUNT IV

DEFENDANTS' MATERIAL MISREPRESENTATION OF EVIDENCE SUBMITTED BY
SERHAN TO SUPPORT DENIAL OF HIS RECONSIDERATION REQUEST VIOLATES
THE ADMINISTRATIVE PROCEDURE ACT

61.     Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations

in all preceding paragraphs.

62.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law, shall be held unlawful by a reviewing court

and set aside. 5 U.S.C. § 706(2)(A).

63.     OFAC relied on a November 7, 2015 news article to conclude that Serhan's claim that he

was unaware of Al-Manar's designated status was "unpersuasive," and thus found that Serhan

failed to provide sufficient evidence that he does not continue to provide support or services to

Hizballah.  That news article, however, makes no reference whatsoever to any knowledge that

Serhan had of Al-Manar's SDGT status.  Therefore, there can be no rational connection between

OFAC's conclusion and the evidence that it relied upon.

64.     OFAC's misreading of the news article in support of that conclusion, and its denial

ultimately predicated on that misreading, constitutes arbitrary and capricious agency action in

violation of the APA that should be held as unlawful and set aside by this Court.

**COUNT V**

DEFENDANTS' FINDING THAT SERHAN SUBSEQUENT TO HIS DESIGNATION
CONTINUED TO ENGAGE IN BUSINESS TRANSACTIONS WITH AL-MANAR—
ABSENT ANY CONNECTION BETWEEN THOSE TRANSACTIONS AND HIZBALLAH—
HAS NO RATIONAL CONNECTION TO THE BASIS OF HIS DESIGNATION

65.     Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations

in all preceding paragraphs.

66.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

67.     Defendants' allegations that Serhan had post-designation transactions and dealings with Al-Manar—absent some connection between those transactions or dealings and Hizballah—are not rationally connected to OFAC's conclusion that Serhan failed to provide sufficient evidence to OFAC that he no longer provides support or services to Hizballah.  OFAC's designation action and its denial decision are predicated on alleged support and services to Hizballah, not any other individual, entity, or organization.

68.     Defendants' findings and conclusions therefore are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the APA, and should be set aside by this Court.

## COUNT VI

### DEFENDANTS' DENIAL OF SERHAN'S RECONSIDERATION REQUEST IS NOT SUPPORTED BY OR IN ACCORDANCE WITH RELIABLE, PROBATIVE, OR SUBSTANTIAL EVIDENCE, AND VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

69.     Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

70.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority, or limitations, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (C).

71.     An order issued by an agency must be supported by and in accordance with reliable, probative, and substantial evidence. 5 U.S.C. § 556(d).

72.     Defendants' disclosed findings and conclusions show that their denial decision is based on unreliable, non-probative, and non-substantial evidence.

73.     For example, Defendants' allegations of links between Vatech—a company Serhan has not controlled in nearly three years—and Hizballah's activities in Syria with no explanation of Serhan's involvement in those activities indicates that there is no probative evidence in support of Defendants' finding that Serhan has not provided sufficient reason to show that he no longer provides support or services to Hizballah.

74.     In addition, regardless of whether the Daily Star (Lebanon) article represented what Defendants allege—and it did not—that evidence would not be probative to finding that Serhan failed to provide sufficient evidence that he no longer provides support or services to Hizballah. The fact that OFAC also misunderstood the substance of the article also renders its use by OFAC unreliable.

75.     Defendant's denial determination was not supported by or in accordance with reliable, probative, or substantial evidence, in violation and in excess of statutory authority under the APA. Therefore, such evidence should be jointly or severally set aside by this Court.

### COUNT VII

DEFENDANTS' RELIANCE ON IRRELEVANT, IMMATERIAL, AND UNDULY REPETITIOUS EVIDENCE TO DENY SERHAN'S RECONSIDERATION REQUEST VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

76.     Serhan re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

77.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority,

or limitations, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (C).

78.     Evidence relied upon that is irrelevant, immaterial, or unduly repetitious, is barred by the APA. 5 U.S.C. § 556(d).

79.     Defendants' disclosed findings and conclusions strongly evidence that the underlying administrative record in support of their denial decision—which has not been disclosed to Serhan—is based on irrelevant, immaterial, and unduly repetitious evidence.

80.     For example, Defendants' reliance on the Daily Star (Lebanon) article and Vatech's purported links to Hizballah's activities in Syria as of 2018 are irrelevant or immaterial to a finding that Serhan has not submitted sufficient evidence to show that he does not provide support or services to Hizballah, or that he continues to meet the designation criteria of E.O. 13224.

81.     Defendants' reliance on irrelevant, immaterial, or unduly repetitious evidence violates and is in excess of statutory authority under the APA.  Therefore, such evidence should be jointly or severally set aside by this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Review all the material upon which OFAC relied—including classified and law enforcement privileged information—to deny Serhan's request for reconsideration and maintain his designation under E.O. 13224;

B.     Declare Defendants' reliance on any irrelevant, immaterial, non-reliable, non-probative, and/or non-substantial evidence to be unlawful under the APA, and jointly or severally set aside such evidence;

C.      Declare any of OFAC's findings, conclusions, or actions that are found to be arbitrary, capricious, or otherwise not in accordance with law in support of its denial decision to be unlawful under the APA, and jointly or severally set aside such findings, conclusions, or actions;

D.      Declare Serhan's denial to be unlawful under the APA;

E.      Order Defendants to rescind Serhan's designation under E.O. 13224 and remove his name from OFAC's SDN List;

F.      Grant an injunction vacating Serhan's designation under E.O. 13224 as well as his identification as a SDGT on OFAC's SDN List;

G.      Grant an award to Serhan of his costs and attorneys' fees incurred in this action; and

H.      Award Serhan any other and further relief as the Court may deem just and proper.


Dated: March 18, 2019


                                                        Respectfully submitted,
                                                        /s/ Erich C. Ferrari, Esq._____
                                                        Erich C. Ferrari, Esq.
                                                        Ferrari & Associates, P.C.
                                                        1455 Pennsylvania Ave., NW
                                                        Suite 400
                                                        Washington, D.C. 20004
                                                        Telephone: (202) 280-6370
                                                        Fax: (877) 448-4885
                                                        Email: ferrari@falawpc.com
                                                        DC Bar No. 978253

                                                        *Attorney for Plaintiff*
                                                        *Fadi Hussein Serhan*